IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER E. HUTCHESON                                              PLAINTIFF

v.                              Civil No. 4:19-cv-4150

NEVADA COUNTY JAIL                                                    DEFENDANT

## ORDER

Currently before the Court is Plaintiff Christopher E. Hutcheson's failure to obey a Court order and failure to prosecute this case. Plaintiff filed his Complaint and Application to Proceed *In Forma Pauperis* ("IFP") on November 21, 2019 in the Eastern District of Arkansas. (ECF Nos. 1, 2). The case was transferred to this Court on November 25, 2019. (ECF No. 3).

On November 27, 2019, the Court entered an order noting that Plaintiff's IFP application was incomplete. (ECF No. 6). The Court directed Plaintiff to either complete the IFP application or pay the filing fee by December 18, 2019. (ECF No. 6). Plaintiff was advised that if he failed "to return the completed IFP application or pay the $400 by December 18, 2019, the complaint shall be subject to summary dismissal for failure to obey an order of the Court." *Id.* The November 27, 2019 order also directed Plaintiff to file an Amended Complaint by December 18, 2019. (ECF No. 6). The order again advised Plaintiff that if he failed to so, this case would be subject to dismissal. *Id*. The Court's November 27, 2019 order was not returned as undeliverable. As of the date of this order, Plaintiff has not submitted a completed IFP application, paid the filing fee, or filed an amended complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff was ordered to either submit a completed IFP application or pay the full filing fee. He was also ordered to file an amended complaint. Plaintiff has failed to comply with these directives. Accordingly, Plaintiff has failed to obey an order of the Court and has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint (ECF No. 2) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge